UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ORTIZ,

    Petitioner,

v.                                         Case No: 2:19-cv-584-SPC-MRM

SECRETARY, DOC,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Robert Ortiz's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).

## Background

Robert Ortiz is a state prisoner confined at Santa Rosa Correctional Institute in Milton, Florida. In 2013, a jury found Ortiz guilty of robbery with a firearm and fleeing or trying to elude a law enforcement officer. (Doc. 7-2 at 879-880). He was sentenced to 35 years in prison with a 20-year minimum mandatory term followed by 10 years of probation for the robbery and a concurrent 60 months in prison for the fleeing to elude. (Doc. 7-2 at 907-915).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

He was given 510 days credit for time served. (Doc. 7-2 at 910). The Second District Court of Appeal (2nd DCA) affirmed on direct review. (Doc. 7-2 at 987-988).

Ortiz petitioned for a writ of habeas corpus in state court on the ground of ineffective assistance of appellate counsel. (Doc. 7-3 at 2). The 2nd DCA denied the petition. (Doc. 7-3 at 96).

On July 12, 2016, Ortiz moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 7-3 at 98-145). He raised eight grounds, one of which was that his trial counsel failed to advise him that the sentence offered by the State would have been shortened by any jail time that Ortiz had served. The postconviction court held an evidentiary hearing to consider this ground and denied all the other grounds. (Doc. 7-4 at 12-254). Following an evidentiary hearing, the postconviction court denied this ground. (Doc. 7-4 at 329-333). The 2nd DCA affirmed without a written opinion. (Doc. 7-4 at 449).

Ortiz petitioned for a writ of habeas corpus under § 2254 on August 19, 2019. (Doc. 1). He raises one ground: he was deprived of his right to the effective assistance of counsel because his trial counsel failed to tell him that the state's plea offer credited him with 510 days served. The state responded on April 23, 2020. (Doc. 7). Ortiz replied on May 15, 2020. (Doc. 9).

## Applicable Habeas Law

### A. AEPDA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may be granted only on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 134 S. Ct. at 1702; *Casey v. Musladin,* 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor,* 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A

3

decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall,* 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza,* 540 U.S. 12, 16 (2003). "Clearly established federal law is not the case law of the lower federal courts, including [the Eleventh Circuit]." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bottoson v. Moore,* 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson,* 234 F.3d at 531 (quoting *Williams,* 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux,* 138 S. Ct. 2555, 2558 (2018).

4

Finally, when reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

**B. Ineffective Assistance of Counsel**

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689).

The second *Strickland* prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The critical question on federal habeas review is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021). All that matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." *Id.* (quoting *Knowles v. Mirazayance*, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." *Id.* And "[w]hile the *Strickland* standard is itself hard to meet, 'establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

## Discussion

Respondent concedes the petition is timely and that Ortiz exhausted his sole ground in state court.

Ortiz argues he would have accepted the plea deal if his trial counsel had told him that the 510 days he served would be deducted from the 20-year minimum mandatory sentence plea offer. After a hearing, the postconviction court made these findings:

> 8. Defendant testified that Ms. Calvo discussed the plea offer with him, but she did not tell him that he would get credit [sic] time served towards the sentence. He stated that she told him, "You can either take the deal or go to trial." When Defendant was asked if he would have taken the plea deal if he knew that the 510 days would be credited against the 20 year sentence, the Defendant answered, "Possibly, at that time, yes sir." Defendant testified that counsel failed to explain to him that the credit for time served of 510 days would apply to the 20 year minimum mandatory sentence, so he decided to go to trial instead.
>
> 9. On cross-examination, the State presented exhibits consisting of Defendant's prior convictions which included credit for time served towards the imposed sentence. Defendant admitted that he received credit for time served towards the sentence in his prior convictions.
>
> 10. The State called trial counsel Katie Calvo, who testified that she did not recall if she explained to the Defendant that he would get credit for time served towards the 20 year sentence. Ms. Calvo testified that Defendant insisted on going forward with the trial and that he did not want to discuss the plea offered by the State. She specifically recalled that Defendant was adamant on going to trial throughout her representation. Ms. Calvo testified that she told Defendant that the minimum mandatory sentence would be for 20 years, day for day.
>
> 11. On cross-examination, Ms. Calvo testified that Defendant rejected the State's plea offer. She did not recall Defendant ever saying he wanted to take a plea deal, and their discussions focused on how to proceed with the trial, [sic] and trial strategy. Ms. Calvo discussed the State's plea offer with the Defendant on the morning of the trial, and Defendant, knowingly and willingly, chose to reject the State's offer.
>
> 12. The Court finds that Defendant's testimony was consistent with Ms. Calvo's testimony that she did not fully explain how credit for time served would apply to the 20 year minimum mandatory sentence. Ms. Calvo provided Defendant with proper advice that he faced 20 years minimum mandatory day for day if he took the State's plea offer, or he could take his changes and go to

> trial. The Court finds that Ms. Calvo's performance was not deficient. As to Defendant's claim that he would have taken the plea deal if he would have known that credit for time served would have applied to the 20 year minimum mandatory sentence, the Court finds that Defendant's testimony that he would 'possibly' have taken the plea deal showed that Defendant did not unequivocally intend to take a plea deal. The Court finds that Defendant has failed to meet his burden as to both prongs of Strickland. Therefore, [this ground] is DENIED

(Doc. 7-4 at 331-32).

This Court's review of Ortiz's petition looks at whether his continued detention by the state violates federal law. The Court must consider whether the state postconviction court unreasonably applied *Strickland*'s two prongs.

As to the deficiency prong, Calvo's alleged failure to advise Ortiz of the possibility of receiving credit for time served was well within the range of reasonable professional assistance. Calvo explained to Ortiz that he faced a potential life sentence if convicted at trial and informed him of the state's plea offer. That was adequate, particularly given Ortiz's insistence on taking the case to trial. Contrary to Ortiz's insinuations, neither *Padilla v. Kentucky*, 559 U.S. 356 (2010) nor *Von Moltke v. Gillies*, 332 U.S. 708 (1948) stands for the principle that failing to inform a defendant of credit for time served constitutes deficient performance. Given this, it was not unreasonable for the state postconviction court to see Calvo's performance as adequate.

Nor does Ortiz show any prejudice. In *Lafler v. Cooper*, 566 U.S. 156, 164 (2012), the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel extends to negotiation and consideration of plea

offers that are rejected. It concluded that, to establish prejudice, the defendant must show reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed". *Id.*; *see also Missouri v. Frye,* 566 U.S. 134, 147 (2012) ("To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel.").

Ortiz cannot show it was "reasonably probable" he would have taken the plea deal if he knew he would receive credit for 510 days. The facts brought to light at the evidentiary hearing suggest Ortiz likely would not have accepted the plea. His insistence on going to trial, combined with his reluctance to definitively claim he would have accepted the plea deal with knowledge of the 510-day credit, cast considerable doubt on his assertion he would have accepted a plea offer that imprisoned him for around 18.5 years. Such testimony supports the postconviction court's conclusion that Ortiz was not prejudiced by his counsel's alleged error.

The Court finds that the state postconviction court reasonably applied *Strickland*. Ortiz has not satisfied his heavy burden under AEDPA to show that the state court's decision was an unreasonable determination of the facts or an unreasonable application of federal law. His petition is denied.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Ortiz has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED**:

Robert Ortiz's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED**

to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 19, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record